IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO CESAR TORRES,      (02)<br><br>Defendant. | CR. NO. 11-00220 JMS-02<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 245 |

## ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 245

### I. INTRODUCTION

Defendant Mario Cesar Torres ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from Oakdale II FCI, based on several serious pre-existing medical conditions and the COVID-19 pandemic. The court determines that Defendant has met his burden to show extraordinary and compelling reasons to warrant release, and thus ORDERS that his sentence be reduced to time served with supervised release to follow.

## II.  <u>BACKGROUND</u>

Defendant is a 64-year-old inmate incarcerated at Oakdale II FCI and is scheduled for release from custody on November 15, 2021.  *See* https://www.bop. gov/inmateloc/ (last visited September 15, 2020).

On February 13, 2013, a jury found Defendant guilty of one count of conspiracy to distribute, and possess with intent to distribute, 50 grams or more of methamphetamine and three counts of distribution of 50 grams or more of methamphetamine.  ECF No. 146; *see also* Presentence Investigation Report ("PSR") ¶¶ 4-7, 10, ECF No. 198 at PageID #1369-70.  On March 3, 2014, Defendant was sentenced to a total term of 188 months imprisonment, and a total term of five years of supervised release, with all terms running concurrently.  ECF Nos. 195, 197.[1]  Pursuant to United States Sentencing Guidelines Amendment 782 and 18 U.S.C. § 3582(c)(2), on June 26, 2015, Defendant's sentence was reduced from 188 months to 151 months (again, concurrent as to each count).  ECF No. 238.

---

[1]  Defendant's total offense level 36, criminal history category I, resulted in an advisory United States Sentencing Guideline range of 188 to 235 months incarceration.  Defendant was sentenced at the bottom of that Guideline range, 188 months.  *See* PSR, ECF No. 198 at PageID # 1393.

Defendant submitted a request for compassionate release to the Bureau of Prisons ("BOP") on May 7, 2020.  *See* ECF Nos. 245-4 at PageID #1998, 245-1 at PageID #1980.[2]  He received no response.  On August 7, 2020, Defendant, represented by counsel, filed the instant Motion for Compassionate Release, seeking a sentence reduction to time served.  ECF No. 245-1 at PageID #1979.  On August 24, 2020, the Government filed its Response, ECF No. 250, and on August 28, 2020, Defendant filed his Reply.  ECF No. 253.  A telephonic hearing was held on September 4 and 9, 2020.

## III.  <u>DISCUSSION</u>

### A.    **Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[3] which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[2]  Although Defendant's compassionate release request was not dated, the United States is not challenging that Defendant submitted a request and that at least thirty days passed afterwards.  Thus, the United States agrees that "Defendant's motion is now properly before this Court."  ECF No. 250 at PageID #2569.

[3]  Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

3

> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment . . . after considering the factors set
> forth in [18 U.S.C.] section 3553(a) to the extent that
> they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant
> such a reduction;
> . . . .
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission[.]

Thus, the court may reduce Defendant's sentence if: 1) Defendant has exhausted the required administrative remedies; 2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and 3) the reduction is consistent with applicable Sentencing Commission's policy statements. Here, both parties agree that Defendant has exhausted his administrative remedies.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement. Guideline § 1B1.13 (1)-(3).

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the BOP Director to determine whether other extraordinary and compelling reasons exist. *See id.* cmt. n.1(A)-(D). In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13 cmt. n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020). The court incorporates that analysis here.

## B.      Extraordinary and Compelling Reasons

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant contends that he should be released from custody because, among other things: 1) he is 64 years old and suffers from obesity, type 2 diabetes with neurological manifestations, congestive heart failure, and hypertension; and 2) given these medical conditions,

5

he is at great risk of serious illness or death should he contract COVID-19.  ECF No. 245-1 at PageID #1981-84.

According to the Centers for Disease Control and Prevention ("CDC"), three of Defendant's conditions—obesity, a serious heart condition, and type 2 diabetes mellitus—each place him at an increased risk of serious illness should he contract COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 15, 2020).  Further, an individual with hypertension "might be at an increased risk."  *Id.*  CDC has also stated that "the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.  In short, it is beyond question that Defendant's age coupled with his pre-existing medical conditions places him at a greatly increased risk of serious illness, or death, should he contract COVID-19.

FCI Oakdale II currently houses 777 inmates.  *See* https://www.bop.gov/locations/institutions/oad/ (last visited September 15, 2020).  During the course of the pandemic, out of a total of 309 inmates tested at FCI Oakdale II, 39 have tested positive for COVID-19.  *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited

September 15, 2020).  Currently, FCI Oakdale II has no inmates and nine staff members with "confirmed active cases."  *Id.*

Against this background, the court must consider the relevant § 3553(a) factors.  These include: 1) "the nature and circumstances of the offense and the history and characteristics of the defendant";[4] and 2) "the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(1)-(2).  And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).  *Id.* § 3553(a).

Defendant's offense conduct, as set forth in the PSR, demonstrates that he distributed methamphetamine, ultimately being found responsible for over 1,300 grams.  PSR ¶ 27, ECF No. 198 at PageID # 1375.  Although he never accepted responsibility for his conduct, Defendant did not receive a role in the

---

[4] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

7

offense upward adjustment and was in criminal history category I. *Id.* at PageID#
1377-79. And, Defendant has served all but approximately 16 months of his
sentence, with a scheduled release date in November 2021.[5] Taking into account
Defendant's serious medical conditions and weighing the § 3553(a) factors, the
court concludes that Defendant has demonstrated extraordinary and compelling
reasons warranting his early release from custody. Further, given his age, medical
conditions, and the amount of time that Defendant has served, the court does not
find that Defendant is a danger to the community or that he is likely to reoffend.
This is simply not a case where reducing Defendant's sentence to time served
would, given the nature of his offenses, undermine the goals of sentencing set forth
in § 3553(a)(2).

///

///

///

---

[5] When evaluating the § 3553(a) factors, courts consider the amount of time remaining
on a defendant's sentence—whether short or long—in determining whether to grant
compassionate release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir.
2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v. Maka*,
2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, __F. Supp. 3d__,
2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020); *United States v. Moskop*, 2020 WL 1862636,
at *1-2 (S.D. Ill. Apr. 14, 2020); *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio
July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020).

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 245, is GRANTED.

It is further ORDERED that:

1.  Defendant's sentence of incarceration is reduced to time served.

2.  Upon release from custody, Defendant shall commence serving his five-year term of supervised release as previously imposed and shall abide by all mandatory, standard, and special conditions as approved and ordered by the Court on September 15, 2020, ECF No. 259.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 15, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Torres*, Cr. No. 11-00220 JMS, Order Granting Defendant's Motion for Compassionate Release, ECF No. 245